IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHNNY ANTHONY BROWN,

                      Petitioner,

        v.                                CASE NO. 05-3078-RDR

E. GALLEGOS,

                      Respondent.

**MEMORANDUM AND ORDER**

    Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241, as supplemented with additional authorities, seeking relief on allegations of error regarding the computation of good time credits in his federal sentence.[1]

    Petitioner is serving an aggregated sentence of 276 months for his convictions in the United States District Court for the Northern District of Alabama.  Petitioner challenges the calculation of his good conduct time (GCT) by the Bureau of Prisons (BOP).  An order to show cause issued, respondent filed an Answer and Return, and petitioner filed a traverse.

    Petitioner contends BOP is not complying with language in 18 U.S.C. § 3624(b) which he claims unambiguously entitles him to 54 days of GCT for each year in the term of the sentence imposed, absent any administrative or disciplinary loss of good time.

---

[1]Petitioner filed this action while incarcerated in the United States Penitentiary in Leavenworth, Kansas.  He has since been transferred to another federal facility.

Respondents state that if petitioner maintains satisfactory behavior, he will earn 1082 days of GCT during his incarceration, which would thereby result in a scheduled release date of June 26, 2013.  Petitioner claims he is entitled to 1242 days of GCT, and argues BOP's calculation of GCT based on each year actually served, rather than on the years of the sentence imposed, is contrary to clear Congressional intent and the plain meaning of "term of imprisonment" in § 3624(b).  Administrative responses to petitioner's grievance on this issue set forth BOP's calculation of petitioner's GCT in accord with BOP's interpretation of § 3624(b) as contained in 28 C.F.R. § 523.20 and BOP Program Statement 5880.28.

As legal authority for his claim, petitioner cites White v. Scibana, 314 F.Supp.2d 834 (W.D.Wisc. 2004), and Moreland v. Bureau of Prisons, 363 F.Supp.2d 882 (S.D.Tex. 2005).  However, these district court opinions were later reversed on appeals to the circuit courts.  See White, 390 F.3d 997 (7th Cir. 2004), *cert. denied*, __ U.S. __, 125 S.Ct. 2921 (2005); Moreland, 431 F.3d 180 (5th Cir. 2005), *cert. denied* __ U.S. __, 126 S.Ct. 1906 (2006).

Moreover, in Thompson v. Gallegos, 2005 WL 2403822 (D.Kan. September 29, 2005)(unpublished opinion), this court considered the precise claim raised by petitioner and found it to be without legal merit.  In Thompson, this court rejected petitioner's legal argument and adopted the position of the Seventh Circuit Court of Appeals in White.  For the reasons stated in Thompson, which the court attaches hereto and incorporates herein, the court finds BOP's interpretation and implementation of 18 U.S.C. § 3624(b) in calculating

2

petitioner's sentence is entitled to deference and is lawful, and concludes petitioner has not stated a claim for federal habeas corpus relief.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.

DATED:  This 1st day of June 2006 at Topeka, Kansas.

>  s/ Richard D. Rogers
> RICHARD D. ROGERS
> United States District Judge